**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AMANDA GESSNER, | : | Civil No. 3:14-CV-111 |
| | : | |
| Plaintiff | : | |
| | : | (Judge Kosik) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| DEPARTMENT OF CORRECTIONS, | : | |
| et al., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

This case comes before the Court for a statutorily mandated screening review.

The plaintiff, Amanda Gessner, is a state inmate, who filed a 155-page complaint on

January 22, 2014.  (Doc. 1)  In this complaint, Gessner sues a state agency,  the state

Department of Corrections, and one individual correctional officer.  (Id.)  Liberally

construed, Gessner's complaint alleges that she has been physically, verbally, and

sexually abused by a correctional officer from 2010 through 2013.  According to

Gessner, after she reported this abuse in 2013, the correctional officer then retaliated

against her.  (Id.)  As a remedy for these alleged constitutional infractions, Gessner

seeks injunctive relief and damages from the defendants, along with an order directing the criminal prosecution of correctional staff.

Along with this *pro se* complaint, Gessner filed a motion for leave to proceed *in forma pauperis*, (Doc. 2), which we will grant.  While we will grant this motion to proceed in forma pauperis, as part of our legally-mandated  screening of *pro se, in forma pauperis* cases, we have carefully reviewed this complaint and conclude that, in its current form several aspects of the complaint fail to state a claim upon which relief may be granted.  Specifically, we find that any claim for damages from the Department of Corrections is precluded by the Eleventh Amendment to the United States Constitution.  We further find that Gessner may not obtain some of the relief that she seeks in this lawsuit, in that she may not use this civil case to institute a criminal prosecution of some third party.  Accordingly, for the reasons set forth below, it is recommended that these claims in the complaint be dismissed.  It is further recommended that the complaint be served upon the individual correctional officer named as a defendant in this matter.

## II.    Discussion

### A.    Screening of *Pro Se* Complaints–Standard of Review

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials.  See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).   In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."  This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years.  Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u>  –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff.  <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994).  However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged."  <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).  As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

4

actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations  sufficient to raise the plaintiff's claimed right to relief beyond the level

of mere speculation.  As the United States Court of Appeals for the Third Circuit has

stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to  show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In   practice, consideration of the legal sufficiency of a complaint entails a

three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must

plead to state a claim.' Iqbal, 129 S.Ct. at 1947.  Second, the court should identify

allegations that, 'because they are no more than conclusions, are not entitled to the

assumption of truth.' Id. at 1950.  Finally, 'where there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629

F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the

requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what

a complaint should say and provides that:

(a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

**B.** **Several Claims In Gessner's Complaint Fail to State a Claim Upon Which Relief Can Be Granted**

In this case Gessner's complaint is flawed in a number of ways which call for the dismissal of some claims and parties. The distinct and identifiable flaws in these pleadings are discussed separately below:

**1.** **The Eleventh Amendment to the United States Constitution Bars Any Claim For Damages Against the Commonwealth of Pennsylvania**

At the outset, in this case, dismissal of Gessner's claims for damages against the state Department of Corrections is warranted because this *pro se* complaint runs afoul of basic constitutional and statutory rules limiting lawsuits against state agencies and officials. First, as a matter of constitutional law, the Eleventh Amendment to the Constitution provides that "[t]he Judicial power of the United

States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the . . . States . . . .", U. S. Const. Amend XI. By its terms, the Eleventh Amendment strictly limits the power of federal courts to entertain cases brought by citizens against the state and state agencies.  Moreover, a suit brought against an individual acting in his or her official capacity constitutes a suit against the state and, therefore, also is barred by the Eleventh Amendment.  Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

Pursuant to the Eleventh Amendment, states, state agencies and state officials who are sued in their official capacity are generally immune from lawsuits in federal courts brought against them by citizens.  Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996).  This proscription directly applies here.  "Because the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, see Pa.Stat.Ann., tit. 71, § 61, it shares in the Commonwealth's Eleventh Amendment immunity.  Such immunity, . . . , may be lost in [only] one of two ways:  (1) if the Commonwealth waived its immunity; or (2) if Congress abrogated the States' immunity pursuant to a valid exercise of its power.  See College Sav. Bank, 527 U.S. at 670, 119 S.Ct. 2219; Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 240-41, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985)."  Lavia v. Pennsylvania, Dept. of Corr., 224 F.3d 190, 195 (3d Cir. 2000).

Under the Eleventh Amendment, the Commonwealth's immunity exists as a matter of law unless waived by the state, or expressly and unequivocally abrogated by Congress.  In this case, it is clear that Congress has not expressly abrogated this constitutional immunity with respect to federal civil rights lawsuits against the Commonwealth of Pennsylvania Department of Corrections, and the Commonwealth clearly has not waived its immunity.  As the United States Court of Appeals for the Third Circuit has aptly observed with respect to the Pennsylvania Department of Corrections:

> Generally, states are immune from suit by private parties in the federal courts.  The Eleventh Amendment of the United States Constitution provides:  The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.  U.S. Const.amend. XI.  Although this case involves a suit brought by a citizen against his own state, the Eleventh Amendment has long been interpreted to prohibit such suits as well.  See, e.g. Kimel, 528 U.S. at ----, 120 S.Ct. at 640 ("[F]or over a century now, we have made clear that the Constitution does not provide for federal jurisdiction over suits against non-consenting States.") (citing e.g., College Sav. Bank v. Florida Prepaid Postsecondary Ed. Expense Bd., 527 U.S. 666, 669, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999); Seminole Tribe v. Florida, 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996)); Hans v. Louisiana, 134 U.S. 1, 13, 10 S.Ct. 504, 33 L.Ed. 842 (1890) ("It is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.").  Moreover, the type of relief sought is irrelevant to the question of Eleventh Amendment immunity.  See Seminole Tribe, 517 U.S. at 58, 116 S.Ct. 1114.  *Because the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, see Pa.Stat.Ann., tit. 71, § 61, it shares in the Commonwealth's Eleventh Amendment immunity.*

Lavia v. Pennsylvania, Dept. of Corr., 224 F.3d 190, 195 (3d Cir. 2000)(emphasis added).

Moreover, beyond these constitutional considerations, as a matter of statutory interpretation, the plaintiff cannot bring a damages action against the Commonwealth since it is also well-settled that a state, a state agency, or a state official acting in an official capacity is not a "person" within the meaning of 42 U.S.C. §1983, the principal federal civil rights statute. Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71 (1989). These basic legal tenets apply here and are fatal to Gessner's claims against the Commonwealth. In sum, Gessner's federal civil rights claims for damages against the Commonwealth of Pennsylvania Department of Corrections are barred both by the Eleventh Amendment to the United States Constitution and by cases construing the federal civil rights statute, 42 U.S.C. §1983. Therefore, since this state agency cannot be sued in this fashion in federal court, Gessner's claims for damages against the Commonwealth Department of Corrections should be dismissed.

### 2.     Gessner May Not Use This Lawsuit as a Vehicle for Instituting a Criminal Prosecution of Third Parties

In her complaint, Gessner also asks this Court to commence criminal prosecutions of various unnamed prison officials. This she may not do. It is well established that decisions regarding the filing of criminal charges are the prerogative of the executive branch of government, are consigned to the sound discretion of prosecutors, and under the separation of powers doctrine are not subject to judicial

fiat. Indeed, it has long been recognized that the exercise of prosecutorial discretion is a matter, "particularly ill-suited to judicial review." Wayte v. United States, 470 U.S. 598, 607 (1985). Recognizing this fact, courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties, finding that civil plaintiffs lack standing to make such claims and concluding that such relief simply is unavailable in a civil lawsuit. See, e.g., Ostrowski v. Mehltretter, 20 Fed. Appx. 87, 90 (2d Cir.2001) (stating that "Ostrowski has no standing to sue for any of Mehltretter's actions. First of all, he has not shown, injury-in-fact. The failure of Mehltretter to investigate or prosecute Bybel did not injure him in any direct manner-he has no 'personal stake in the outcome' of a perjury case brought against (or not brought against) another person."); See also Kim v. Romero, 877 F.2d 64, 1989 WL 67116 at *1 (9th Cir. June 14, 1989) (affirming the dismissal of a suit against various prosecuting authorities for their failure to bring charges against a sheriff for alleged battery); McMinn v. Damiani, 765 F.2d 145, 1985 WL 13323 (6th Cir. May 3, 1985) (affirming the dismissal for lack of standing a pro se civil rights case where plaintiff had sued state prosecuting authorities for failing to investigate or prosecute claims against various state judges and lawyers); Snyder v. Aaron, CIV.A. 05-1602, 2006 WL 544466 (W.D. Pa. Mar. 6, 2006); Moyer v. Borough of North Wales, Civ. No. 00-1092, 2000 WL 1665132 at *2 (E.D.Pa. Nov.7, 2000) (stating that "Moyer has no judicially

cognizable interest in Timothy Conley's criminal prosecution.   Accordingly, an agreement to refrain from prosecuting Conley for sexual assault or to charge him with disorderly conduct or the act thereof violates no constitutional right that Moyer has standing to assert."); see also Wise v. Augustine, Civ. No. 97-2651, 1997 WL 534695 at *2 (E.D.Pa. Aug.8, 1997) (stating that "[a] private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime."); Dundore v. O'Donnell, Civ. No. 85-2907, 1985 WL 2681 at *2 (E.D.Pa. Sept.17, 1985) (stating that "Defendant O'Donnell is alleged to have refused to file the criminal charges brought by plaintiffs.   Although plaintiffs were no doubt aggrieved when O'Donnell refused to file the charges, they have no constitutional right that I am aware of to have criminal charges filed."); Corbin v. Stevens, Civ. No. 91-1054, 1992 WL 96684 at *2 (S.D.N.Y. April 30, 1992) (stating that "[p]laintiff possesses no constitutional right to have someone arrested...."). Therefore, this claim also fails as a matter of law and should be dismissed.

Furthermore, any claim that Gessner may be attempting to bring pursuant federal criminal civil rights statutes fails as a matter of law because it is well established that these statutes do not provide a private right of action.   See, e.g., Colon-Montanez v. Pennsylvania Heathcare Service Staffs, 530 F. App'x 115, 118 (3d Cir. 2013) (observing that the statute "provide[s] no private right of action for use by a litigant such as [plaintiff].") (citing Gonzaga Univ. v. Doe, 536 U.S. 273, 283-84

(2002); <u>Kulesa v. Rex</u>, 519 F. App'x 743, 746 n.3 (3d Cir. 2013) (same); <u>Carpenter</u>

<u>v. Ashby</u>, 351 F. App'x 684, 688 (3d Cir. 2009) (no civil cause of action under the

statute); <u>Allen v. Administrative Office of Pennsylvania Courts</u>, 270 F. App'x 149,

150 (3d Cir. 2008) (per curiam) ("To the extent Allen sought to impose criminal

liability under 18 U.S.C. § 241 & 242 on Defendants, he lacked standing to proceed"

and observing that the United States Attorney is responsible for the prosecution of all

criminal cases in his or her district).  Because the law is quite clear that Gessner, a

private litigant, has no capacity to bring a criminal prosecution in the guise of a civil

lawsuit, this claim should also  be dismissed with prejudice.

In sum, in its current form this complaint fails to state a claim for damages

against the Commonwealth of Pennsylvania Department of Corrections, and fails to

state a claim entitling Gessner to relief in the form of a court order directing a

criminal prosecution of some third parties.  We are mindful of the fact that in civil

rights cases <i>pro se</i> plaintiffs often should be afforded an opportunity to amend a

complaint before the complaint is dismissed in its entirety, <u>see</u> <u>Fletcher-Hardee Corp.</u>

<u>v. Pote  Concrete Contractors</u>, 482 F.3d 247, 253 (3d Cir. 2007), unless granting

further leave to amend is not necessary in a case such as this where amendment would

be futile or result in undue delay, <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004).

In this case, however, any claim for damages against the Commonwealth of

Pennsylvania Department of Corrections is absolutely foreclosed by the Eleventh

Amendment.  Similarly, Gessner  simply may not use this civil lawsuit as a vehicle for instituting a criminal prosecution of any third party since such decisions lie beyond the province of this Court.  Therefore, any attempt to amend these claims would be futile, and these specific claims should be dismissed with prejudice.

However, with respect to Gessner's claims against the individual correctional officer named as a defendant, there are no threshold obstacles to the service of this complaint.  Therefore, we recommend that the complaint be served upon this defendant.

### III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion for leave to proceed *in forma pauperis* be GRANTED (Doc. 2), but that the following claims in the plaintiff's complaint be dismissed:

1.   Any claim for damages against the Commonwealth of Pennsylvania Department of Corrections.

2.   Any prayer for relief which seeks the criminal prosecution of a third party.

IT IS FURTHER RECOMMENDED that the complaint be served upon the individual defendant named in this complaint.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in

28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 23rd day of January, 2014.

*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge