IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMANDA GESSNER, | : | Civil No. 3:14-CV-111 |
| Plaintiff, | : | (Judge Kosik) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| GARY ANTHONY FIORETTI, et al., | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

**I.   Statement of Facts and of the Case**

This is a civil rights action brought by Amanda Gessner, a state inmate. Gessner's *pro se* civil rights complaint was initially filed on January 22, 2014. (Doc. 1.) On a screening review, we recommended that this complaint be dismissed, in part, and served, in part (Doc. 5.), a recommendation which the district court adopted, directing service of the complaint upon the individual defendant named in that complaint on March 12, 2014. (Doc. 13.) While service of the complaint was pending, on March 28, 2014, Gessner moved to withdraw and dismiss this complaint. (Doc. 15.) Consistent with the plain language of Gessner's pleading, we

recommended that the motion to dismiss be granted. (Doc. 16.) The Court adopted this recommendation, and Gessner's complaint was dismissed. (Doc. 17.)

Gessner then asked that we reconsider this ruling and reinstate her complaint. (Doc. 18.) This request was also granted and the complaint was reinstated. (Doc. 19.) A summons issued, the defendant was served, and the defendant filed an answer to the complaint on June 24, 2014. (Doc. 24.) Gessner now asserts that her needs are being fully met in the prison and seeks, once again, to dismiss this action. (Doc. 26.) Defense counsel has informed the Court that the defendant does not object to the dismissal of this action.

## II. Discussion

In a case such as this when a defendant has filed an answer to a complaint, Rule 41(a)(2) of the Federal Rules of Civil Procedure governs voluntary dismissal of an action by the plaintiff and provides as follows:

> **(a) Voluntary Dismissal.**
>
> **(2) *By Court Order; Effect.*** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

F.R.Civ.P., Rule 41(a)(2).

In this case, Gessner has, once again, specifically requested the dismissal of this case. Accordingly, since Gessner seeks dismissal of this case, and the defendant does not oppose this request, this motion to dismiss should be granted pursuant to Rule 41(a)(2).

### III.  Recommendation

For the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion to dismiss the complaint (Doc. 26.) be GRANTED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 9th day of July, 2014.

***S/Martin C. Carlson***
Martin C. Carlson
United States Magistrate Judge
